# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BERYL PATIN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-5952** |
| **AEGIS CAPITAL CORP., ET AL** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Beryl Patin's **Motion for Reconsideration** (Rec. Doc. 30) is **DENIED**. **IT IS FURTHER ORDERED** that the court's Order and Reasons of August 24, 2018 is **AMENDED** as more fully set forth below.

## I. BACKGROUND

This matter is before the court on briefs on a motion for reconsideration filed by plaintiff, Beryl Patin. The facts surrounding this case were fully set forth in the court's August 24, 2018 Order and Reasons (Rec. Doc. 28) and will not be restated here.

Plaintiff argues that the court should reconsider its August 24, 2018 order which granted defendant Aegis's motion under Federal Rule of Civil Procedure 12(b)(6), dismissing as prescribed plaintiff's tort claims of fraud, conversion, negligence, gross negligence, negligent supervision, negligent breach of fiduciary duty and violation of state securities laws. Plaintiff contends that in dismissing the claims, the court failed to consider applicable precedent establishing that mere declines in account values are insufficient to place a plaintiff on notice of claims for securities fraud. Plaintiff also argues that the court improperly failed to consider her lack of sophistication as an investor, and resulting reliance on her nephew, in determining the

accrual date of her claims. Plaintiff further contends that the court did not address *contra non valentem* in its discussion and disposal of her state securities law claims. Finally, plaintiff seeks leave to amend her complaint to add facts which she argues support her *contra non valentem* argument.

## II. DISCUSSION

*A. Motion for Reconsideration*

Plaintiff has moved the court to reconsider its ruling under Rule 54(b) of the Federal Rules of Civil Procedure, which states, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under this rule, the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981). However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. See Calpecto 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1414-15 (5th Cir. 1993).

The general practice in the United States District Court for the Eastern District of Louisiana has been to evaluate motions to reconsider interlocutory orders under the same standards that apply to motions to alter or amend final judgments made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See, e.g., West v. Rieth, 2016 WL 952253, at *1 (E.D. La.

Mar. 4, 2016) (Africk, J.); Bernard v. Grefer, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015) (Fallon, J.), Castrillo v. Am. Home Mortg. Servicing, Inc., 2010 WL 1434398, at *3-4 (E.D. La. Apr. 5, 2010) (Vance, J.). A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." Id. "Finally, a Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." In re Katrina Canal Breaches, 2007 WL 496856, at *1 (E.D. La. Feb. 12, 2007).

In the case at bar, plaintiff seeks to relitigate a prior matter by making an argument that could have been urged earlier but was not. In its original motion to dismiss, Aegis specifically argued that plaintiff had actual notice of her losses at the time that her account was transferred from Aegis to Capitol, at approximately half of its original value. Plaintiff's lack of sophistication as an investor, and her reliance on her nephew, was the subject of the first paragraph of her opposition to the original motion to dismiss, as well as being specifically alleged in her complaint, and considered by the court in its prior ruling. No new evidence has been submitted with the motion to reconsider. Accordingly, the court finds that the prior ruling contains no manifest errors of law or fact, and the motion for reconsideration is denied.

However, the court finds that amendment to the prior order is appropriate. The instant motion includes the contention by plaintiff that the court did not address *contra non valentem* in its discussion and disposal of her state securities law claims. As a technical matter, plaintiff is correct on this point; *contra non valentem* was treated in subsection II(1)(a), and plaintiff's state

securities law claims were addressed separately in section II(2). Accordingly, the court's prior Order and Reasons is hereby amended to reflect that the rationale informing the court's decision that plaintiff failed to establish that *contra non valentem* applied to her delictual actions, applies equally to her state securities law claims.

### B. *Motion for Leave to Amend*

Finally, incorporated within the motion for reconsideration is plaintiff's request for leave to amend her complaint, to add facts which she argues will provide support for her *contra non valentem* argument. She did not submit a proposed amendment in connection with this motion, but while it was pending, she filed a separate Motion for Leave to Amended Complaint (Rec. Doc. 35), which was noticed for hearing before the Magistrate Judge and set for submission on November 7, 2018, and included a proposed amended complaint. The court's review of the proposed amended complaint reflects it includes the material referenced in the instant motion. Accordingly, the court pretermits consideration of the motion for leave to amend at this time, pending a ruling by the Magistrate Judge. Accordingly;

**IT IS HEREBY ORDERED** that Beryl Patin's **Motion for Reconsideration** (Rec. Doc. 30) is **DENIED**;

**IT IS FURTHER ORDERED** that the court's Order and Reasons of August 24, 2018 is **AMENDED** as set forth hereinabove.

New Orleans, Louisiana, this  24th  day of October, 2018.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**